UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

Case No.  2:25-cv-02971-AH-(MARx)                     Date  June 5, 2025

Title  *Steven Tapia v. Paragon Systems, Inc.*

Present: The Honorable  Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):  Attorney(s) Present for Defendant(s):

None Present  None Present

**Proceedings:**  (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE (DKT. NO. 11)

Plaintiff Steven Tapia ("Plaintiff") moves to remand this case to the Los Angeles County Superior Court. Mot. to Remand ("Motion"), Dkt. No. 11. Defendant Paragon Systems, Inc. ("Defendant") opposes the Motion. Opp'n, Dkt. No. 12. Plaintiff replies. Reply, Dkt. No. 13. The matter is fully briefed, and the Court heard oral argument on June 4, 2025. For the reasons below, the Court DENIES Plaintiff's Motion to Remand.

I.   BACKGROUND

Plaintiff was employed as a non-exempt employee by Defendant, a company that provides security services, from approximately December 2023 to November 2024. Compl., Dkt. No. 1-1, Ex. A, ¶¶ 9-10. On February 20, 2025, Plaintiff filed the Complaint against Defendant in the Los Angeles County Superior Court. *See generally id.* Plaintiff alleges a single cause of action against Defendant for violation of the Private Attorneys General Act ("PAGA"). *See generally id.* The Complaint seeks civil penalties under PAGA based on the following violations of the California Labor Code:

1. Underpayment and late payment of minimum wages and hourly wages in violation of California Labor Code §§ 204, 1194, 1194.2, 1197, IWC Wage Order, and California Minimum Wage Order.
2. Underpayment of overtime wages in violation of California Labor Code §§ 510, 1194, 1198, and IWC Wage Order.
3. Failure to provide compliant meal periods in violation of California Labor Code §§ 226.7, 512, 558, and IWC Wage Order.
4. Failure to provide compliant rest periods in violation of California Labor Code §§ 226.7, 512, 558, and IWC Wage Order.
5. Failure to reimburse business expenses in violation of California Labor Code § 2802 and IWC Wage Order.
6. Non-compliant wage statements in violation of California Labor Code § 226(a).
7. Failure to pay all wages upon resignation or termination due to the underpayment of wages and/or overtime in violation of California Labor Code §§ 201-203.
8. Failure to pay, appropriately accrue, and forfeiture of paid time off in violation of California Labor Code § 227.3.
9. Failure to pay and appropriately accrue sick pay wages in violation of California Labor Code § 246.
10. Failure to keep payroll records showing total hours worked and wages paid in violation of California Labor Code §§ 1174-1174.5 and IWC Wage Order. *See generally id.*

Defendant removed the case to federal court on April 4, 2025, asserting federal question jurisdiction. Notice of Removal ("NOR"), Dkt. No. 1. Plaintiff now has filed this Motion to Remand. Mot., Dkt. No. 11.

## II.   LEGAL STANDARD

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Pursuant to 28 U.S.C. § 1331, district courts "have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (citing *Caterpillar*, 482 U.S. at 392).

However, "[c]omplete preemption is an exception to the well-pleaded complaint rule." *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 686 (9th Cir. 2020) (citing *City of Oakland*, 969 F.3d at 905). Another exception to the well-pleaded complaint rule exists for a small category of state law claims which "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also City of Oakland*, 969 F.3d at 904. There is a "strong presumption against removal jurisdiction," and "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III. DISCUSSION

#### A. Request for Judicial Notice

Defendant requests that the Court take judicial notice of the collective bargaining agreement ("CBA") between Defendant and labor organization United Federation Law Enforcement Officers Security Union-PBA ("LEOS"). Dkt. No. 12-1. A court may take judicial notice of an adjudicative fact "not subject to reasonable dispute" because it can be "accurately and readily determined." Fed. R. Evid. 201(b)(2). The terms of the CBA covering Plaintiff can be "accurately and readily determined" and are "not subject to reasonable dispute." *See id.* Here, Plaintiff does not oppose the Request for Judicial Notice, nor dispute the accuracy of the CBA attached to Defendant's request. *See generally* Reply. Additionally, Defendant relies on the CBA to argue complete preemption of Plaintiff's claims. *See generally* Opp'n. Accordingly, the Court grants Defendant's request and takes judicial notice of the CBA.

#### B. LMRA Preemption

Section 301 of the Labor Management Relations Act ("LMRA") provides that "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States[.]" 29 U.S.C.A. § 185(a). "Although [Section] 301 contains no express language of

preemption, the Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985)). As a result, "a civil complaint raising claims preempted by [Section] 301 raises a federal question that can be removed to a federal court." *Id.* at 1152. "To give 'the policies that animate [Section] 301 . . . their proper range,' the Supreme Court has expanded 'the pre-emptive effect of [Section] 301. . . beyond suits alleging contract violations' to state law claims grounded in the provisions of a CBA or requiring interpretation of a CBA." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (citing *Lueck*, 471 U.S. at 210-11).

The Ninth Circuit has articulated a two-part test to determine whether state law claims are preempted by LMRA Section 301. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059-60 (9th Cir. 2007). First, the Court must determine whether the claim seeks "purely to vindicate a right or duty created by the CBA itself[.]" *Curtis*, 913 F.3d at 1152 (9th Cir. 2019) (internal citation and quotations omitted). If the right exists solely under the CBA, then the claim is preempted, and no further analysis is required. *Id.* at 1153. If not, the Court must then assess "whether a plaintiff's state law right is substantially dependent on analysis of the CBA, which turns on whether the claim cannot be resolved by simply looking to versus interpreting the CBA." *Id.* (internal citation and quotations omitted). "At this second step of the analysis, 'claims are only preempted to the extent there is an active dispute over the meaning of contract terms.'" *Id.* (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994)).

### 1.   *Burnside* Step One

The Court first analyzes whether Plaintiff's claims exist solely under the CBA. Plaintiff argues that "[e]ach of the predicate Labor Code violations for Plaintiff's PAGA claim are based on statutory protections for workers in California and not based on the CBA." Mot. at 4. Defendant argues that "Plaintiff's single PAGA claim arises solely out of the LEOS CBA, based on the contractual negotiations between the parties, Plaintiff's waiver of the right to bring Labor Code claims, and Plaintiff's agreement to be bound by the arbitration and grievance procedure found in the CBA, as well as based on the statutory exemptions that are created under the Labor Code when a CBA is at play." Opp'n at 11. Specifically, Defendant argues that "Plaintiff's right to minimum wage and overtime and meal

and rest breaks are directly and solely based on Articles 6 and 7 of the LEOS CBA." *Id.*

Plaintiff's core arguments are that (1) the CBA is not mentioned or referenced in the Complaint; (2) Defendant's reliance on the exemptions in Labor Code Sections 514 and 512(e) are affirmative defenses; and (3) there is a long line of cases that find remand appropriate in similar cases. *See generally* Mot.; Reply. As an initial matter, the Court agrees with Defendant that the lack of any reference to the CBA in the Complaint is not dispositive, nor is Defendant's reliance on the exemptions in Labor Code Sections 514 and 512(e) as an affirmative defense. The district court cases Plaintiff cites to support these arguments generally pre-date the Ninth Circuit's opinion in *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146 (2019). In *Curtis*, as does Plaintiff here, the plaintiffs alleged state law claims and argued that they were pursuing claims based on "their statutorily-guaranteed rights in court – a right that exists independently of these CBAs." *Curtis*, 913 F.3d at 1151 (quotations omitted). The Ninth Circuit found that "[a]lthough normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." *Id.* at 1152 (citations omitted); *see also Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987). As to the cases Plaintiff cites in which remand was appropriate, these generally turn on whether there was insufficient evidence that Plaintiff was covered by a CBA. *See, e.g., Tehrani v. Amazon Studios, LLC*, 2024 WL 3730604, at *3 (C.D. Cal. Aug. 7, 2024).

Plaintiff's PAGA claims are predicated, in part, on an allegation that Defendant failed to pay proper overtime compensation under Labor Code § 510. California Labor Code Section 510 provides the compensation scheme for California workers for overtime hours worked. Cal. Lab. Code § 510. However, "the default definition of overtime and overtime rates [] in section 510 does not apply to an employee who is subject to a qualifying CBA." *Curtis*, 913 F.3d at 1153–54. California Labor Code § 514 explains that § 510:

> do[es] not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours

>worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 514.  Accordingly, "if [Plaintiff's CBA] meet[s] the requirements of section 514, [Plaintiff's] right to overtime 'exists solely as a result of the CBA,' and therefore is preempted under § 310." *Curtis*, 913 F.3d at 1154 (citation omitted).

Defendant's Notice of Removal clearly sets forth that this exemption applies both by supporting evidence and reasoning, which Plaintiff does not address or rebut in his Motion. The NOR and attached declaration from Defendant states that Plaintiff was covered under the CBA and that the CBA covers the relevant time period. *See generally* NOR; Hagan Decl., Dkt. No. 1-2, ¶¶ 5-6. The CBA governing Plaintiff's employment satisfies each of Section 514's requirements, as the CBA provides for wages, hours of work, and working conditions of the employees.  *See generally* NOR; CBA, Dkt. No. 1-2, Ex. E. The CBA also provides premium wage rates for all overtime hours worked and a regular hourly rate of pay over 30% more than state minimum wage. *See* NOR at 12; CBA at 12. Accordingly, Plaintiff's overtime claim based on Section 510 is statutorily barred by Section 514.[1]

---

[1] In his reply, Plaintiff argues for the first time that the CBA's "arbitration and grievance procedures are irrelevant in PAGA actions," arguing that "the only exception requiring arbitration of PAGA claims based on union agreements is the specific statutory exception set forth in Labor Code Section 2699.6 for employees in the construction industry." Reply at 4.  However, Plaintiff's position ignores the Supreme Court's opinion in *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022).  "An action brought against an employer under PAGA contains both 'individual' and 'non-individual' claims." *Johnson v. Lowe's Home Centers, LLC*, 93 F.4th 459, 462 (2024).  "*Viking River* upheld [the California Supreme Court's holding in *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal.4th 348 (2014)] that PAGA prohibits contractual waiver of the right to bring non-individual PAGA claims in court. … However, the Court held that the FAA preempted what it understood to be PAGA's mandatory joinder rule as articulated in *Iskanian*." *Id*. at 463.  Subsequently, the California Supreme Court "corrected *Viking River*'s misunderstanding of PAGA" and "held in *Adolph* [*v. Uber Techs., Inc*., 14 Cal.5th 1104 (2023)] that individual and non-individual PAGA claims may be partially severed, such that a plaintiff's individual PAGA claims may be sent to arbitration while the plaintiff's non-individual PAGA claims remain in court." *Id*. "Only if

Because it is statutorily barred, Plaintiff's overtime claim rests on a right created entirely by the CBA. *Curtis*, 913 F.3d at 1155 ("CBAs in this case meet the requirements of section 514, and therefore Curtis's claim for overtime pay is controlled by his CBAs"). It is therefore preempted by the LMRA. *See id*. The Court need not resolve whether the second step of the *Burnside* test is met given that step one is satisfied. Accordingly, the Court has federal subject matter jurisdiction over Plaintiff's overtime claim.

### C. Supplemental Jurisdiction

Federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

The Court finds that the remaining labor violation claims derive from the same common nucleus of operative fact as Plaintiff's unpaid overtime allegation. As such, the Court will exercise supplemental jurisdiction over the entire PAGA action. *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) ("Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.") (internal quotation marks omitted).

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

---

there has been a final determination that the plaintiff's arbitrated individual PAGA claim is without merit does the plaintiff lose statutory standing under PAGA to pursue his or her non-individual PAGA claims in court." *Id*. at 464. Accordingly, regardless of whether Plaintiff's non-individual PAGA claim is covered by the CBA, Plaintiff can be compelled to arbitrate his individual PAGA claim under a CBA. This particular issue is not currently before the Court.